PERCY S. MANN,

versus

SAM B. HOLLANDER

8585

NO. 8235

COURT OF APPEAL

PARISH OF ORLEANS

WILLIAM A. BELL, JUDGE:

December 11th, 1922.

Court of Appeal

 

 Dec 11/22

Hansbury

8585

233

BY: WILLIAM A. BELL, JUDGE:

Plaintiff sues defendant for labor and material furnished defendant in installing certain electric wiring in a building owned by the latter. The contract was a written one, as shown by a written bid annexed to the petition, and accepted by one alleged to have been the authorized agent of the defendant. There is also a bill attached showing the items for services and material rendered, in the total sum of $215.75, upon which a credit appears of cash payment, in the sum of $25.00, leaving a balance of $190.75, the amount sued for. There was judgment in favor of plaintiff for the sum of $190.00, with interest from judicial demand, and costs. From this judgment defendant has appealed.

Defendant answers by pleading exceptions of vagueness and indefiniteness, and also that petition discloses no right or cause of action, and further answering, defendant specially denies that the party accepting the written bid for the work was an authorized agent of the defendant; further answering, defendant pleads in effect that the only contract had with the plaintiff was a verbal contract for $212.00, in which amount there was to be included a certain large iron box, or cabinet, to hold twelve electric meters, and that said cabinet was not furnished nor installed by the plaintiff, and furthermore that he failed, as verbally agreed, to secure the usual certificate from the Louisiana Fire Prevention Bureau, showing the work to be in accordance with said Bureau's rules and regulations.

We find no merit in the exceptions herein filed, and the same are hereby overruled, for the reason that we find plaintiff's petition in no manner vague or indefinite, and that the same alleges a balance compliance with all the terms of the written contract made part of the petition. This contract specifically provides that the installation is to be in accordance with rule and regulations of the Louisiana Fire Prevention Bureau, and that a certificate to that effect is to be furnished by the plaintiff upon the completion of work. The allegation that plaintiff complied with all the terms of the contract is sufficient to support the cause of action.

234

Issues of fact are alone involved in this case, and from the testimony taken in the Trial Court, we find that the acceptance of a written bid and contract was made by one fully authorized to act for the defendant. A part payment of the bill is rendered, which was made by defendant only five days after the submission of the bill, and this precludes the contention that the party acting for the defendant was not authorized. There was an attempt, at the trial of this cause, to introduce evidence of a verbal contract made subsequent to the written contract. The offer of this evidence was a clear attempt to vary by verbal testimony the contract sued upon, and was rightly excluded on objection by the trial judge. The evidence of plaintiff is satisfactory, to the effect that the certificate of the Louisiana Fire Prevention Bureau was ultimately and properly procured, and the verbal and written testimony in the record showing the just causes for delay in procuring said certificate are reasonable and uncontradicted. There is a preponderance of evidence that the work was completed according to the written contract sued upon, and the defense offered to this suit is, in our opinion, untenable.

At the hearing before this Court, counsel for plaintiff admitted all liability for the amount sued upon except the sum of $45.00 for a cabinet which he claims was to have been furnished under the verbal contract which has been excluded. We find no error in the judgment of the trial court.

It is therefore ordered, adjudged and decreed that the judgment herein appealed from be, and the same hereby is, affirmed, at plaintiff's cost in both courts.

JUDGMENT AFFIRMED.

December 11, 1922.